UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON DEE WHITTEN BURRIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-2392 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the ALJ's treatment of the medical opinion evidence and plaintiff's subjective testimony constituted error. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On February 18, 2014, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 9.)

1

December 22, 2013. (Transcript ("Tr.") at 23, 198-206.) Plaintiff's alleged impairments included vision problems, carpal tunnel, and back and leg pain. (Id. at 230.) Plaintiff's application was denied initially, (id. at 127-31), and upon reconsideration. (Id. at 136-40.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on July 15, 2016. (Id. at 39-63.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 39-42.) In a decision issued on August 8, 2016, the ALJ found that plaintiff was not disabled. (Id. at 33.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 20, 2014, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: obesity, sciatica, left hip osteoarthritis, carpal tunnel syndrome, and left eye blindness (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can stand a maximum of 4 hours in an 8-hour day. She can walk up to 4 hours in an 8-hour day. She can sit without limitations. She can lift and carry 25 pounds occasionally and 10 pounds frequently. She can frequently climb ramps and stairs. She can occasionally climb ladders, ropes and scaffolds. She can occasionally stoop, kneel, and crouch. Due to left eye blindness, she should avoid heights and concentrated exposure to heavy machinery.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on January 24, 1965 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

////

2

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since January 20, 2014, the date the application was filed (20 CFR 416.920(g)).

(Id. at 25-33.)

On September 22, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's August 8, 2016 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 13, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ improperly rejected plaintiff's subjective testimony.[2] (Pl.'s MSJ (ECF No. 13-1) at 11-19.[3]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. B owen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining

---

[2] Normally the court would address these claims separately. However, the ALJ's decision combined the analysis of these items of evidence and discredited them for essentially the same reasons.

[3] Page number citations such as this one, are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

As to subjective testimony, the Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that

5

F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were "not entirely consistent with the other evidence in the record for the reasons explained" in the decision. (Tr. at 27.) The ALJ then noted that plaintiff's "allegations would find support in the opinion of her treating physician Rowan Baird, MD." (Id. at 28.)

The ALJ explained that in March of 2016, Dr. Baird opined that plaintiff "could sit for 4 hours, stand/walk 4 hours, and lift 10 pounds." (Id.) Plaintiff would also "require unscheduled breaks every one or two hours lasting 15 minutes," and would miss work up to twice a month. (Id.) The ALJ, however, afforded Dr. Baird's opinion "little weight." (Id.) The ALJ then proceeded to identify several reasons in support of the decision to discredit plaintiff's testimony and Dr. Baird's opinion. (Id. at 28-32.)

Plaintiff's motion challenges many of the ALJ's reasons for discrediting this evidence. However, the ALJ's finding that Dr. Baird's opinion and plaintiff's testimony were undermined by "the other medical evidence and opinions," or the lack thereof, cannot be disputed. (Id. at 29.)

---

the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

In this regard, the ALJ stated:

> Overall, the record shows that the claimant's treatment has been routine. She did not require any surgeries, steroid injections, physical therapy[5], chiropractic adjustments, acupuncture, use of a TENS unit, frequent medication changes, or other alternative measures to control her alleged symptoms.
>
> Moreover, there was a significant gap in the treatment record. The record reveals no visits to any physician or medical provider between July 31, 2014 and August 5, 2015.

(Id.)

The ALJ also noted that, after going more than a year without treatment, plaintiff was examined by Dr. Baird on November 17, 2015. (Tr. at 29, 431.) Plaintiff complained that plaintiff "does a lot of walking and is in pain." (Id. at 431.) When Dr. Baird advised plaintiff that Dr. Baird was going to refer plaintiff to physical therapy, plaintiff stated "that she already had physical therapy about a year ago . . . . Left exam room upset and states will go to the hospital." (Id. at 432.) Dr. Baird observed that plaintiff "left exam room before exam can be done," but "[w]as able to get up from chair with no signs of pain and was able to walk without limping."[6] (Id.)

Inconsistency with the evidence of record, lack of treatment, conservative treatment, and refusal to follow proscribed treatment are clear and convincing reasons for discrediting the opinion of a treating physician and plaintiff's subjective testimony. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) ("a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain"); Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a number of good reasons for not doing so applies"); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (treating opinion permissibly

////

---

[5] Plaintiff argues that plaintiff had previously completed physical therapy. (Pl.'s MSJ (ECF No. 13-1) at 19.) Physical therapy itself, however, is a conservative treatment. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008).

[6] This was one of only three visits plaintiff had with Dr. Baird. (Tr. at 29.)

7

rejected where treatment notes failed to present "the sort of description and recommendations one would expect to accompany a finding that [the claimant] was totally disabled").

Accordingly, the court finds that plaintiff is not entitled to summary judgment on either of these claims.

CONCLUSION

The court has found that plaintiff is not entitled to summary judgment on any claim of error.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 14) is granted;

3. The decision of the Commissioner of Social Security is affirmed; and

4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: March 3, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\burris2392.ord